**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **PIZZA HUT, LLC, as Successor-in-Interest to PIZZA HUT, INC.,** | § § § | |
| ***Plaintiff,*** | § § | |
| **v.** | § § | **Civil Action No. 5:23-CV-17** |
| | § | |
| **JIGNESH N. PANDYA;** | § | |
| **PANDYA PROPERTIES, LLC;** | § | |
| **ROHAN PROPERTIES, LLC;** | § | |
| **PANDYA REAL ESTATE HOLDINGS** | § | |
| **LIMITED LIABILITY COMPANY;** | § | |
| **PANDYA MANAGEMENT LLC;** | § | |
| **1637 NJ-38 LLC; 2201 STREET RD,** | § | |
| **LLC; 417 BALTIMORE PIKE, LLC;** | § | |
| **R2 CONSTRUCTION, LLC; AND** | § | |
| **MITAL PANDYA** | § | |
| | § | |
| ***Defendant.*** | § | |

<u>**MOTION FOR DEFAULT JUDGMENT**</u>

Plaintiff, Pizza Hut, LLC, as successor in interest to Pizza Hut, Inc. ("Pizza Hut" or "Plaintiff"), by and through its undersigned attorneys, respectfully requests that this Court grant this *Motion for Default Judgment* (the "Motion") pursuant to Federal Rule of Civil Procedure 55(b)(2).  In support of the Motion, Plaintiff states as follows:

**PROCEDURAL HISTORY**

Pizza Hut filed its *Original Complaint* on February 15, 2023.  On February 27, 2023, Pizza Hut filed its *First Amended Complaint* against the following ten defendants: (i) Jignesh N. Pandya ("J. Pandya"), (ii) Pandya Properties, LLC ("Pandya Properties"), (iii) Rohan Properties, LLC ("Rohan Properties"), (iv) Pandya Real Estate Holdings Limited Liability Company, ("Pandya Real Estate Holdings"), (v) Pandya Management, LLC ("Pandya Management"), (vi) 1637 NJ-38

LLC ("1637"), (vii) 2201 Street Rd, LLC ("2201"), (viii) 417 Baltimore Pike LLC ("Baltimore Pike"), (ix) R2 Construction, LLC ("R2 Construction"), and (x) Mital Pandya ("M. Pandya") (collectively, the "Defendants") [Dkt. No. 5].

On March 14, 2023, the Court issued a Summons for each of the Defendants. [Dkt. No. 6]. Pizza Hut was able to serve Defendants Pandya Properties and Rohan Properties at the address on file with the Pennsylvania Secretary of State, and Returns of Service were filed on April 20, 2023. [Dkt. Nos. 7 and 8]. Neither Pandya Properties nor Rohan Properties filed an answer or other responsive pleading to the *First Amended Complaint*. On August 29, 2023, Pizza Hut filed its *Request for Clerk's Entry of Default of Defendants Pandya Properties, LLC and Rohan Properties, LLC*. [Dkt. No. 17]. The clerk subsequently entered default as to those two defendants the same day. [Dkt. No. 18].

The other entity defendants except 2201 were served on August 21, 2023, and Returns of Service were filed on August 28, 2023. [Dkt. Nos. 12-16]. None of them filed an answer or other responsive pleading. On December 19, 2023, Pizza Hut filed its *Request for Clerk's Entry of Default of Defendants Pandya Real Estate Holdings Limited Liability Company, Pandya Management, LLC, 1637 NJ-38 LLC, 417 Baltimore Pike, LLC, and R2 Construction, LLC*. [Dkt. No. 27]. The clerk subsequently entered default as to those entity defendants the same day. [Dkt. No. 28]. The Court dismissed Pizza Hut's claims against 2201. [Dkt. No. 25].

After being unable to serve J. Pandya or M. Pandya (together, the "Pandyas"), on August 31, 2023, Pizza Hut filed a *Motion to Substitute Service on the Pandyas* by serving the Pandyas by email, by email to the Pandyas' counsel, and posting at the gate of their residence. [Dkt. No. 19]. Following the Court's Order approving substitute service [Dkt. No. 21] on the Pandyas, Pizza Hut served the Pandyas and filed Returns of Service. [Dkt. Nos. 22-24]. The Pandyas, however, failed

to file an answer or other responsive pleading.  Instead, on December 8, 2023, the Pandyas filed for bankruptcy protection under chapter 11 of the Bankruptcy Code in the case styled *In re Jignesh Pandya and Mital Pandya*, Case No. 23-13723 (AMC), in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").  And as a result of the Pandya's bankruptcy filing, under 11 U.S.C. § 362, Pizza Hut was precluded from moving for entry of default judgment as to the Pandyas.

On December 11, 2023, the Bankruptcy Court entered an Order requiring the Pandyas to file certain documents required to be filed with a chapter 11 petition by the designated deadlines or have their bankruptcy case dismissed.  The Pandyas sought an extension of time to file the required documents, which the Bankruptcy Court granted.  On January 4, 2024, however, the United States Trustee filed a motion to dismiss the Pandyas' bankruptcy case on the ground that the Pandyas failed to provide proof of insurance for certain real properties owned and operated by them as rental properties.  Following an expedited hearing on the United States Trustee's motion to dismiss, on January 11, 2024, the Bankruptcy Court entered its *Order of Dismissal* dismissing the Pandyas' bankruptcy case and ordering the Pandyas to pay the United States Trustee $500 for outstanding quarterly trustee fees.

On February 12, 2024, Pizza Hut filed its *Request for Clerk's Entry of Default of Defendants Jignesh N. Pandya and Mital Pandya* (the "Request for Default") [Dkt. No. 31], which the clerk entered on February 13, 2024 [Dkt. No. 32].  Although the clerk entered default against the Pandyas, Plaintiff learned after that, for the first time, that on February 9, 2024, the Pandyas filed new petitions for bankruptcy protection under chapter 11 of the Bankruptcy Code in the case styled *In re Jignesh Pandya and Mital Pandya*, Case No. 24-10440 (AMC) (the "Second Bankruptcy Case").  The Second Bankruptcy Case again stayed these proceedings. However,

3

because the Pandyas commenced the Second Bankruptcy Case less than one month after the prior case was dismissed, and despite having obtained an extension to file their required bankruptcy schedules in the Second Bankruptcy Case, they failed to do so, on March 8, 2024, the United States Trustee filed a *Praecipe* with the Bankruptcy Court requesting that the Bankruptcy Court enter a Consent Order dismissing the Pandyas' Second Bankruptcy Case and barring them from filing for bankruptcy relief under any chapter for a period of six months from the date of the entry of such order.  The *Order of Dismissal with a Bar Against Refiling* was entered later that day on March 8, 2024.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 authorizes a court to enter a default judgment where, as here, a properly served defendant has failed to file a timely responsive pleading.  By defaulting, defendants "admit[] the plaintiff's well-pleaded allegations of fact."  *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

## DEFENDANTS' FRAUDULENT TRANSFERS

On October 4, 2019, Pizza Hut sued J. Pandya and limited liability companies for which J. Pandya is the sole member and an unconditional guarantor of liabilities to Pizza Hut (the "Pandya Parties") for breaching a series of franchise agreements with Pizza Hut and refusing to pay millions of dollars of fees, among other misconduct (the "Breach of Contract Lawsuit").  *See Pizza Hut, LLC v. Ronak Foods, LLC, et. al.*, Case No. 5:21-cv-89, Docket No. 1.  Following a bench trial, on July 14, 2022, this Court entered an *Amended Final Judgment* awarding Pizza Hut over $6 million in damages against the Pandya Parties.  *Id.* Docket No. 414.  Subsequently, on December 22, 2022, this Court entered a *Second Amended Final Judgment* ("Final Judgment") for Pizza Hut

awarding Pizza Hut over $11 million in damages and attorney's fees against the Pandya Parties, which was affirmed on appeal. *Id.* Docket No. 457.

Following entry of the Final Judgment, Pizza Hut served post-judgment discovery on the Pandya Parties seeking information on J. Pandya's assets, including financial and bank statements. The Pandya Parties refused to provide any information to Pizza Hut, resulting in Pizza Hut filing a motion to compel. *Id.* Docket No. 439.  Subsequently, Pizza Hut issued a subpoena to Citizens Bank (among numerous other subpoenas) for J. Pandya's bank records.  Upon receiving the bank records from Citizens Bank, Pizza Hut discovered J. Pandya's repeated fraudulent transfers to M. Pandya and several entities wholly owned and controlled by J. Pandya.  According to Citizens Bank records, since as early as June 2020, J. Pandya transferred (at a minimum) **$1,438,141.38** (the "Transfers") to M. Pandya, Pandya Properties, Rohan Properties, Pandya Real Estate Holdings, Pandya Management, 1634, 2201, and R2 Construction (collectively, the "Transfer Defendants") as reflected in the following chart:

| From | To | Date | Amount |
|---|---|---|---|
| Jignesh N. Pandya Account Number – XXXX6150 | Mital Pandya – XXXX2164 | December 30, 2022 | $130,000.00 |
| Jignesh N. Pandya Account Number – XXXX6150 | Mital Pandya – XXXX2164 | December 12, 2022 | $3,816.12 |
| Jignesh N. Pandya Account Number – XXXX6150 | Mital Pandya – XXXX2164 | December 12, 2022 | $14,218.47 |
| Jignesh N. Pandya Account Number – XXXX6150 | Mital Pandya – XXXX2164 | November 29, 2022 | $803,599.00 |
| Jignesh N. Pandya Account Number – XXXXXX8696 | Mital Pandya – XXXX2164 | November 29, 2022 | $20,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Management XXXXXX3209 | September 23, 2022 | $343.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Properties – XXXXXX1618 | September 16, 2022 | $18,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Management XXXXXX3209 | September 2, 2022 | $100,000.00 |
| Jignesh N. Pandya Account Number – XXXX6150 | Mital Pandya – XXXX2164 | September 1, 2022 | $10,000.00 |

| | | | |
|---|---|---|---|
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | August 8, 2022 | $1,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Properties – XXXXXX1618 | July 25, 2022 | $2,814.79 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Management XXXXXX3209 | July 19, 2022 | $2,000 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | July 1, 2022 | $2,500.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Management XXXXXX3209 | July 1, 2022 | $8,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Real Estate Holdings – XXXXXX6265 | June 23, 2022 | $400.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | June 17, 2022 | $1,500.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | June 13, 2022 | $2,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | June 13, 2022 | $2,500.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | 2201 Street Rd, LLC XXXXXX6979 | June 10, 2022 | $5,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | 417 Baltimore Pike, LLC – XXXXXX4857 | June 10, 2022 | $3,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Properties – XXXXXX1618 | May 16, 2022 | $500.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Management – XXXXXX3209 | May 16, 2022 | $12,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | May 12, 2022 | $3,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Management – XXXXXX3209 | May 12, 2022 | $2,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | May 11, 2022 | $900.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | 417 Baltimore Pike, LLC – XXXXXX4857 | April 13, 2022 | $250.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | 1637 NJ-38 LLC – XXXXXX3217 | April 13, 2022 | $900.00 |
| Jignesh N. Pandya Account Number – XXXXX6150 | Mital Pandya – XXXX2164 | April 6, 2022 | $5,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | March 10, 2022 | $3,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | February 8, 2022 | $5,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Rohan Properties – XXXXXX2578 | February 8, 2022 | $13,000.00 |

6

| | | | |
|---|---|---|---|
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | January 21, 2022 | $5,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Real Estate Holdings – XXXXXX6265 | January 18, 2022 | $6,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | January 14, 2022 | $5,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Properties – XXXXXX1618 | January 3, 2022 | $2,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Properties – XXXXXX1618 | October 28, 2021 | $6,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Properties – XXXXXX1618 | October 19, 2021 | $13,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Rohan Properties – XXXXXX2578 | October 18, 2021 | $700.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | October 18, 2021 | $1,200.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | 2201 Street Rd, LLC – XXXXXX6979 | September 9, 2021 | $8,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Rohan Properties – XXXXXX2578 | September 1, 2021 | $500.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Management – XXXXXX3209 | August 17, 2021 | $1,500.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Rohan Properties – XXXXXX2578 | August 16, 2021 | $1,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | August 13, 2021 | $1,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | 2201 Street Rd, LLC – XXXXXX6979 | August 12, 2021 | $5,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Properties – XXXXXX1618 | August 11, 2021 | $6,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Management – XXXXXX3209 | June 15, 2021 | $3,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | 1637 NJ-38 LLC – XXXXXX3217 | June 15, 2021 | $2,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Management – XXXXXX3209 | June 15, 2021 | $5,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | 2201 Street Rd, LLC – XXXXXX6979 | June 14, 2021 | $1,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | June 11, 2021 | $1,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | 2201 Street Rd, LLC – XXXXXX6979 | May 28, 2021 | $5,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Management – XXXXXX3209 | May 27, 2021 | $30,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Management – XXXXXX3209 | May 14, 2021 | $13,000.00 |

| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | May 11, 2021 | $6,000.00 |
|---|---|---|---|
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | April 29, 2021 | $10,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Management – XXXXXX3209 | April 27, 2021 | $10,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | April 26, 2021 | $5,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Management – XXXXXX3209 | April 20, 2021 | $40,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Real Estate Holdings – XXXXXX6265 | April 16, 2021 | $15,000.00 |
| Jignesh N. Pandya Account Number – XXXXX6150 | Mital Pandya – XXXX2164 | March 9, 2021 | $5,000.00 |
| Jignesh N. Pandya Account Number – XXXXX6150 | Mital Pandya – XXXX2164 | December 23, 2021 | $8,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | March 17, 2021 | $2,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | R2 Construction – XXXXXX1596 | March 1, 2021 | $15,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Properties – XXXXXX1618 | February 26, 2021 | $10,000.00 |
| Jignesh N. Pandya Checking XXXXXX-869-6 | Pandya Management – XXXXXX3209 | February 26, 2021 | $5,000.00 |
| Jignesh N. Pandya Account Number – XXXXX6150 | Mital Pandya – XXXX2164 | June 12, 2020 | $9,000.00 |

### *The Texas Uniform Fraudulent Transfer Act ("TUFTA")[1]*

Under TUFTA section 24.005(a)(1), a transfer made by a debtor is fraudulent as to a creditor whose claim arose before or within a reasonable time after the transfer was made or the

---

[1] In the First Amended Complaint, Pizza Hut also seeks to recover under the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA").  *See* First Amended Complaint ¶¶ 36-51.  However, because both Texas and Pennsylvania have enacted the Uniform Fraudulent Transfer Act ("UFTA"), TUFTA and PUFTA are similarly worded, and the applicable analysis is therefore essentially the same under TUFTA and PUFTA, the Court need not conduct a choice-of-law analysis, and instead can apply TUFTA.  *See Sourcing Mgmt., Inc. v. Simclar, Inc.*, 118 F.Supp.3d 899, 913 n.5 (N.D. Tex. 2015).  Moreover, courts will ordinarily only apply the law of a foreign jurisdiction if another party urges the application of another state's substantive law and "furnishes [the Court] with 'sufficient information' to establish the law of another state" applies.  *Janvey v. Alguire*, No. 3:09-CV-0724-N, 2011 WL 13128128, at *4 (N.D. Tex. Sept. 26, 2011) (quoting *Holden v. Capri Lighting, Inc.*, 960 S.W.2d 831, 833 (Tex. App.–Amarillo 1997, no pet.)); *Janvey v. Suarez*, 978 F.Supp.2d 685, 692 (N.D. Tex. 2013) ("[T]he failure to provide adequate proof of choice of law ... results in a presumption that the law of the foreign jurisdiction is identical to the law of Texas. . . . That presumption is especially apposite in the TUFTA context because the Texas Legislature adopted TUFTA with the specific purpose that it be applied uniformly with other

obligation was incurred, if the debtor made the transfer or incurred the obligation with actual intent to hinder, delay, or defraud any creditor of the debtor. TEX. BUS. & COM. CODE § 24.005(a)(1). Additionally, under section 24.005(a)(2) of TUFTA, a transfer made by a debtor is fraudulent as to a creditor whose claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if (1) the debtor made the transfer or incurred the obligation without receiving reasonably equivalent value in exchange for the transfer or obligation, and (2) the debtor intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the ability of debtor's ability to pay as they became due. *Id.* § 24.005(a)(2). Further, under section 24.006(a) of TUFTA, a transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred, if the debtor (1) made the transfer or incurred the obligation without receiving reasonably equivalent value in exchange for the transfer or obligation, and (2) was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation. *Id.* § 24.006(a). And, under TUFTA section 24.006(b), a transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent. *Id.* § 24.006(b).

The Transfers were actually fraudulent as against Pizza Hut under TUFTA section 24.005(a)(1). To prove actual fraud, direct evidence that the debtor actually intended to hinder, delay, or defraud when he made the transfers is not required, and indeed, direct proof of fraudulent intent is rarely available. *See In re Ritz*, 567 B.R. 715, 739-40 (Bankr. S.D. Tex. 2017). Circumstantial evidence of intent is sufficient. And such circumstantial evidence is proven where

---

states' versions of the Uniform Fraudulent Transfer Act") (citation omitted); *Ogletree v. Crates*, 363 S.W.2d 431, 435 (Tex. 1963).

several "badges of fraud" are present.[2]  *Id.* at 740; *see also Mladenka v. Mladenka*, 130 S.W.3d 397, 405 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (finding that four badges of fraud are sufficient); *see also Tel. Equip. Network, Inc. v. TA/Westchase Place, Ltd.*, 80 S.W.3d 601, 609 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (finding that five badges of fraud are sufficient); *In re SMTC Mfg. of Tex.*, 421 B.R. 251, 300 (Bankr. W.D. Tex. 2009) (finding that four or five badges of fraud are sufficient).

Numerous badges of fraud are present here.  J. Pandya is a debtor to Pizza Hut, and Pizza Hut's claim arose before the Transfers to the Transfer Defendants were made.  Based on the Citizens Bank records, J. Pandya made the Transfers after the Breach of Contract Lawsuit was filed and most of the Transfers—$1,118,191.38 to be precise—were made after entry of the Court's initial Final Judgment on June 17, 2022.  That J. Pandya concealed the Transfers is evidenced by his refusal to provide information regarding his assets in response to Pizza Hut's post-judgment discovery, which this Court had to ultimately compel.  Indeed, Pizza Hut ultimately

---

[2]  The badges of fraud are set forth in TUFTA section 24.005(b):

(1) the transfer was to an insider;

(2) the debtor retained possession or control of the property transferred after the transfer;

(3) the transfer was concealed;

(4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(5) the transfer was of substantially all the debtor's assets;

(6) the debtor absconded;

(7) the debtor removed or concealed assets;

(8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred;

(9) the debtor was insolvent or became insolvent shortly after the transfer was made;

(10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor

TEX. BUS. & COM. Code § 24.005(b).

had to obtain responsive information from third parties to discover J. Pandya's fraud.  Furthermore, M. Pandya, J. Pandya's spouse and a 50/50 owner on numerous of his companies and/or properties, is an insider.  And the other Transfer Parties were controlled by J. Pandya—he is the sole member of the Transfer Parties—and therefore, J. Pandya retained possession or control of the property transferred after the Transfers.  Finally, J. Pandya was insolvent or became insolvent shortly after making the Transfers and filed for bankruptcy protection to avoid paying the judgment.  These badges of fraud are sufficient to conclude that the Transfers were made with actual intent to defraud Pizza Hut.  *See, e.g., In re Ritz*, 567 B.R. at 754-55 (holding that debtor's transfers of $1,161,279.90 out of company he financially controlled and into the accounts of other entities that debtor controlled were made with actual intent to hinder, delay, or defraud creditor under TUFTA, as required to satisfy the "actual fraud" requirement of the Texas veil-piercing statute where transfers were not conducted at arm's length and were made to an insider, debtor retained possession or control of the funds even after the funds were transferred out of company's account, transfers were made after creditor had threatened to file suit, there was no evidence whatsoever that company received any consideration from debtor, company was insolvent before any of the transfers were made, was insolvent during the time when all of the transfers were made, and remained insolvent after all of the transfers were made, and transfers were not repayments of loans, as the absence of either documentation of loans or interest payments indicated capital rather than debt).

The Transfers were also constructively fraudulent as to Pizza Hut pursuant to TUFTA sections 24.005(a)(2) and 24.006.  J. Pandya did not receive reasonably equivalent value in exchange for the Transfers and he was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction or intended to incur, or believed or reasonably should have believed that he would incur, debts

beyond his ability to pay as they became due.  Similarly, the Transfers were without receiving a reasonably equivalent value in exchange for the Transfers and J. Pandya was insolvent at that time or became insolvent as a result of the Transfers.  Some of the Transfers were also made to an insider—M. Pandya, J. Pandya's spouse—J. Pandya was insolvent at that time, and M. Pandya had reasonable cause to believe that J. Pandya was insolvent.  After all, as previously noted, M. Pandya is J. Pandya's spouse and a 50/50 owner on numerous of his companies and/or properties.

### REMEDIES FOR AVOIDABLE FRAUDULENT TRANSFERS

Under section 24.008 of TUFTA, on account of the fraudulent Transfers, Pizza Hut may obtain:

> (1)    avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;
>
> . . . or
>
> (3)    subject to applicable principles of equity and in accordance with applicable rules of civil procedure: (A) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property; (B) appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or (C) any other relief the circumstances may require.

TEX. BUS. & COM. CODE § 24.008.  Under section 24.009 of TUFTA, a defrauded creditor may also recover judgment for the value of the asset transferred or the amount necessary to satisfy the creditor's claim.  TEX. BUS. & COM. CODE § 24.009.  And TUFTA not only creates liability against "the person for whose benefit the transfer was made," such as J. Pandya, but also against "the first transferee of the asset," or any "subsequent transferee," such as the Transfer Defendants.  *See Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 341 (Tex. 2009); *In re The Heritage Organization, L.L.C.*, 413 B.R. 438 (Bankr. N.D. Tex. 2009); *Esse v. Empire Energy III, Ltd.*, 2010 Tex. App. LEXIS 5840 (Tex. App.—Houston [1st Dist.] July 22, 2010, n.p.h.)

(shareholders of closely held business which made fraudulent transfers held liable as persons for whose benefit transfers were made).

Accordingly, the Court should order the Transfers avoided, J. Pandya liable for all Transfers, as they were all made for his benefit, and the Transfer Defendants liable for the Transfers that were made to them. The Court should also enter an injunction enjoining further transfers by J. Pandya of any additional assets to the Transfer Defendants.

## ATTORNEYS' FEES

TUFTA provides that in any proceeding to recover a fraudulent transfer, the court may award costs and reasonable attorneys' fees as are equitable and just. TEX. BUS. & COM. CODE § 24.0013. Pizza Hut has been required to employ the undersigned counsel to represent its interests as a result of the foregoing cause of action against Defendants. Pizza Hut seeks all reasonable and necessary attorneys' fees, expenses, and costs of court for the work done prior to trial, at trial, and on appeal. Those attorneys' fees total $344,279.76 and are reasonable. *See* Declaration of Debbie E. Green, which is attached hereto as **Exhibit A**.

## CONCLUSION

Pizza Hut's Motion should be granted in its entirety, and the Court should (1) enter final judgment by default against the Defendants (a) avoiding the Transfers; (b) awarding judgment against J. Pandya in the total amount of the Transfers and against the Transfer Defendants in the amount of assets transferred to them; (c) entering an injunction against any other or further transfers by J. Pandya of any additional assets to the Transfer Defendants; (d) awarding pre- and post-judgment interest against all Defendants; (e) awarding all costs of court; (f) awarding Pizza Hut its reasonable attorneys' fees and expenses incurred in this action and any and all related

appeals and collateral actions (if any); and (g) granting Pizza Hut such other and further relief to which this Court deems Pizza Hut is justly entitled.

Dated: July 8, 2024                         Respectfully submitted,

                                            */s/ Debbie E. Green*
                                            Charles R. Gibbs
                                            Texas Bar No. 07846300
                                            Debbie E. Green
                                            Texas Bar No. 24059852
                                            **MCDERMOTT WILL & EMERY LLP**
                                            2501 North Harwood Street, Suite 1900
                                            Dallas, Texas 75201
                                            Telephone: 214.295.8000
                                            Facsimile: 972.232.2098
                                            dgreen@mwe.com
                                            crgibbs@mwe.com

                                            -and-

                                            Geoffrey Culbertson
                                            State Bar No. 24045732
                                            **PATTON, TIDWELL & CULBERTSON, LLP**
                                            2800 Texas Boulevard
                                            Texarkana, Texas 75503
                                            Telephone: 903.792.5859
                                            Facsimile: 903.792.8233
                                            gpc@texarkanalaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 8th day of July 2024.

*/s/ Debbie E. Green*
Debbie E. Green


## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned counsel hereby certifies that no counsel has appeared for Defendants and Defendants have not appeared or otherwise engaged with Plaintiff's counsel. As such, the parties have not conferred about the relief requested in this motion.

*/s/ Debbie E. Green*
Debbie E. Green